IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GLOBAL INHERITANCE, INC., | ) | |
| a California public benefit corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22cv0353 (AJT/JFA) |
| | ) | |
| GLOBAL INHERITANCE, INC., | ) | |
| a Virginia corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2).  (Docket no. 16).  In this action, plaintiff Global

Inheritance, Inc. ("plaintiff") seeks a default judgment against defendant Global Inheritance, Inc.

("defendant").  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing

with the court his proposed findings of fact and recommendations, a copy of which will be

provided to all interested parties.

## Procedural Background

On March 30, 2022, plaintiff filed a complaint against defendant alleging claims under

the Lanham Act for trademark infringement (Count I) and unfair competition and false

designation of origin (Count II).  (Docket no. 1).  Plaintiff's complaint also alleges claims under

Virginia common law for trademark infringement (Count III) and unfair competition (Count

IV).  *Id.*  The complaint seeks injunctive and other equitable relief, attorneys' fees, and costs.  *Id.*

On April 1, 2022, a summons was issued for service on defendant.  (Docket no. 5).  On

June 8, 2022, plaintiff filed an affidavit of process server confirming that defendant was served

on June 3, 2022.  (Docket no. 8).  Defendant did not timely file a responsive pleading.  On August 9, 2022, the Court directed plaintiff to obtain a default from the Clerk of Court.  (Docket no. 9).

On August 25, 2022, plaintiff filed a request for entry of default against defendant for failure to plead or otherwise defend with respect to plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 11).  On September 6, 2022, the Clerk of Court entered default as to defendant.  (Docket no. 14).  On September 8, 2022, plaintiff filed a motion for default judgment, a memorandum in support, and a notice of hearing for Friday, September 30, 2022 at 10:00 a.m.  (Docket nos. 15–16).  At the hearing on September 30, 2022, counsel for plaintiff appeared, but no one appeared on behalf of defendant.

## Factual Background

The following facts are established in the complaint.  (Docket no. 1) ("Compl.").  Plaintiff is a California public benefit corporation with its principal place of business in California.  (Compl. ¶ 1).  Defendant is a Virginia corporation having its principal place of business in Virginia.  (Compl. ¶ 2).

Since at least as early as 2005, plaintiff adopted and began using the mark GLOBAL INHERITANCE ("Mark") to identify its promotion of public interest and awareness of issues and initiatives related to the environment and political commentary.  (Compl. ¶ 8).  Plaintiff has registered the Mark in the United States, listed on the Principal Register under Registration No. 6,145,409, issued on September 8, 2020.  (Compl. ¶ 9).  Plaintiff has also spent substantial resources to advertise and promote the Mark, including working on programming with the Discovery Channel and setting up stores and exhibits at various festivals and events.  (Compl. ¶¶ 12–13).  Many of these events took place in close proximity to Landsdowne and Leesburg,

Virginia, where defendant is located.  (Compl. ¶ 14).  Furthermore, plaintiff owns and operates websites with the domain names globalinheritance.com and globalinheritance.org.  (Compl. ¶ 7).

On or around November 2020, Global Inheritance became aware that defendant was using the "Global Inheritance" trade name to identify itself and the Mark in connection with its services.  (Compl. ¶ 16).  Defendant also operates or operated a website using the domain name globalinheritance.net.  (Compl. ¶ 17).  Defendant's use of the Mark has caused confusion amongst Global Inheritance's donors and on social media.  (Compl. ¶ 18).

On November 17, 2020, plaintiff sent defendant a letter requesting that it cease and desist from its unauthorized use of the Mark, and plaintiff offered defendant a one-year period to phase out its use.  (Compl. ¶ 19).  Plaintiff followed up with an email on December 3, 2020, as well as another letter reiterating its position on January 29, 2021.  (Compl. ¶¶ 19–20).  Plaintiff finally received a voice mail response from defendant on or around February 12, 2021.  (Compl. ¶ 21).  Plaintiff's return call and a follow-up text message went unanswered. *Id.*  On February 15, 2022, plaintiff sent another letter to defendant repeating plaintiff's position.  (Compl. ¶ 22).  Defendant has continued to use the Mark.  (Compl. ¶ 23).

## **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Based on defendant's failure to file responsive pleadings, the Clerk of Court has entered default as to defendant.  (Docket no. 14).

A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp.*

*v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.  Plaintiff brings these causes of action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*) and Virginia common law. (Compl. ¶¶ 24–46).  This court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (civil action arising under any Act of Congress relating to trademarks), and 15 U.S.C. § 1121 (Lanham Act).  This court has jurisdiction over the Virginia common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).  This court has personal jurisdiction over defendant because defendant engaged in infringement in this district and resides in this district.  (Compl. ¶¶ 2, 5).  Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district, and defendant resides and conducts business in this district.  (Compl. ¶ 5).

Given that defendant is in default, and therefore admit the factual allegations in the complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the court is located or where service is made.  An individual may also be served by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2)(C).  Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual, or by delivering the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process and mailing a copy of each to the defendant.

On April 1, 2022, a summons was issued as to defendant.  (Docket no. 5).  On June 3, 2022, Norman Hunter, a private process server, delivered the summons and complaint to Bo Machayo, a registered agent of defendant and an individual authorized to accept service on behalf of defendant.  (Docket no. 8).  Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

Defendant has not filed responsive pleadings, and the time for doing so has expired.  On August 25, 2022, plaintiff filed a request for entry of default as to defendant by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 11).  The Clerk of Court entered a default against defendant on September 6, 2022.  (Docket no. 14).  On September 8, 2022, plaintiff filed a motion for default judgment, a memorandum in support, and a notice of hearing for Friday, September 30, 2022 at 10:00 a.m.  (Docket nos. 15–16).  Plaintiff filed

certificates of service indicating that defendant was served with copies of the motion, memorandum, proposed order, and notice of hearing via first class mail.  (Docket nos. 17–19). Accordingly, the undersigned magistrate judge recommends a finding that the Clerk of Court properly entered a default as to defendant and that defendant had notice of this action and these proceedings.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Because defendant failed to file responsive pleadings and is in default, it admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6).  Plaintiff alleges that defendant is liable for trademark infringement and unfair competition under the Lanham Act (Counts I and II) and Virginia common law (Counts III and IV).  (Compl. ¶¶ 24–46).

Plaintiff has established defendant's liability for trademark infringement and unfair competition under the Lanham Act and Virginia common law.  A party is liable for trademark infringement when that party, without the consent of the trademark owner, uses a mark in commerce "in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  In order to prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must establish: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers."  *Rosetta Stone Ltd. v. Google, Inc.*,

6

676 F.3d 144, 152 (4th Cir. 2012) (quoting 15 U.S.C. § 1114; *see also Louis Vuitton Malletier*

*S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical*

*Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).  The standard for unfair

competition under 15 U.S.C. § 1125 is "largely the same" as the test for trademark infringement

under 15 U.S.C. § 1114.  *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad.*

*Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014).  The same standard also applies to

common law trademark claims.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*,

43 F.3d 922, 930 n.10 (4th Cir. 1995) (noting that "[t]he test for trademark infringement and

unfair competition under the Lanham Act is essentially the same as that for common law unfair

competition under Virginia law because both address the likelihood of confusion as to the source

of the goods or services involved").

  First, plaintiff's Mark is a valid trademark.  As alleged in the complaint, plaintiff

registered the Mark with the U.S. Patent and Trademark Office on September 8, 2020.  (Compl.

¶ 9; Docket no. 1-2).  Registration of a trademark with the U.S. Patent and Trademark Office

serves as conclusive or *prima facie* evidence of the validity of the mark.  *Pizzeria Uno Corp v.*

*Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984).  The *prima facie* evidence of validity is unrebutted

as defendant is in default.  Therefore, plaintiff's registered Mark is a valid trademark.  Second,

plaintiff has established that defendant used its registered Mark in commerce without plaintiff's

authorization.  (Compl. ¶¶ 16–23, 26).  Third, plaintiff has established that defendant used the

registered Mark by using the "Global Inheritance" trade name to identify itself and operating a

website on the domain name globalinheritance.net.  (Compl. ¶¶ 16–17).

  Fourth, plaintiff has established that the use of its registered Mark is likely to confuse

consumers.  The Fourth Circuit has identified nine factors that should be considered in assessing

the likelihood of confusion in a trademark infringement case: (1) the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' mark; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) defendant's intent; (7) actual confusion; (8) the quality of defendant's product; and (9) the sophistication of the consuming public. *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp.*, 747 F.2d at 1527 (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine)).

Several factors support finding that defendant's use of the Mark is likely to confuse consumers.  First, plaintiff's registered Mark is distinctive given its prominent use with various programs, festivals, and exhibits.  (Compl. ¶ 12–13).  Plaintiff also used the Mark in working with the Discovery Channel to develop environmental programs.  (Compl. ¶ 12).  Second, plaintiff alleges actual confusion on social media and by plaintiff's donors, who have professed to plaintiff their confusion as to the connection or association between plaintiff and defendant. (Compl. ¶ 18).  Third, plaintiff and defendant both focus a significant amount of their advertising towards a similar demographic—high school students.  (Compl. ¶ 16).

Accordingly, the undersigned recommends a finding that plaintiff has established defendant's liability for trademark infringement and unfair competition under the Lanham Act and Virginia common law.

## Relief

Plaintiff seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**Permanent Injunction**

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a).  In order for the court to provide injunctive relief, a plaintiff must demonstrate: (1) irreparable harm, (2) the inadequacy of a legal remedy (monetary damages), (3) a weight in its favor when balancing hardships, and (4) that the public would not be disserved by making the injunction permanent.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has established the requirements for injunctive relief.  First, the Fourth Circuit has recognized that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse*, 43 F.3d at 939.  As alleged in the complaint, defendant has wrongly identified itself using the Mark.  (Compl. ¶ 16).  Defendant also operated a website using the domain name globalinheritance.net using the Mark.  (Compl. ¶ 17).  Second, given that plaintiff is a non-profit organization that uses its mark to promote progressive social change, monetary damages would likely be difficult to establish and inadequate to address the harm.  (Compl. ¶ 6).  Third, the balance of hardships favors plaintiff because, as established above, plaintiff has registered trademark rights to the Mark, and defendant's use of the Mark, even after attempts by plaintiff to work out a reasonable solution to voluntary cessation, constitute substantial and ongoing harm to plaintiff.  (Compl. ¶¶ 9, 19–23).  Finally, the public interest is served in avoiding consumer confusion.  *See Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008).

Based on the foregoing, the undersigned recommends an order permanently enjoining defendant from advertising, marketing, or promoting any services under the GLOBAL INHERITANCE mark, or any mark confusingly similar to the GLOBAL INHERITANCE mark.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiff and against defendant pursuant to Count I alleging trademark infringement under the Lanham Act (15 U.S.C. § 1114), Count II alleging unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), Count III alleging trademark infringement under Virginia common law, and Count IV alleging unfair competition and passing off under Virginia common law.

The undersigned recommends that defendant be permanently enjoined from advertising, marketing, or promoting any services under the GLOBAL INHERITANCE mark, or any mark confusingly similar to the GLOBAL INHERITANCE mark, including any mark that incorporates the term "Global Inheritance" or any other phrase, term, or logo that is likely to cause confusion with plaintiff or its GLOBAL INHERITANCE mark.  The undersigned further recommends that defendant be permanently enjoined from using in commerce or facilitating the use in commerce of the GLOBAL INHERITANCE mark, or any other phrase, term, mark, trade name, logo, or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, plaintiff's customers, or members of the public to believe that services advertised, marketed, promoted by defendant originate from plaintiff, or that such services have been sponsored, approved, or licensed by or associated with plaintiff, or are in some way connected to or affiliated with plaintiff, including without limitation any mark that incorporates the term "Global Inheritance."

## **Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Global Inheritance, Inc., c/o Enid Machayo and Bo Machayo, 19412 Front St., Leesburg, VA 20176, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations, and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 30th day of September, 2022.

_____
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

11